E. H. STANTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19102.   Promulgated January 27, 1931.

*A. W. Morris, Esq.*, and *F. B. Dodds, Esq.*, for the petitioner.
*J. E. McFarland, Esq.*, for the respondent.

#### OPINION.

BLACK : In this proceeding the petitioner seeks a redetermination of his income tax liability for the calendar year 1923, for which year the respondent has determined an additional tax liability in the amount of $920.13.   The only question at issue is whether or not the total income of the petitioner and his wife should be allocated on a community property basis.

The petitioner married Cora E. Stanton on February 4, 1884, and they have lived together in Spokane, Wash., ever since and resided in the State of Washington during the taxable year.   For the calendar year 1923 the petitioner and his wife filed separate income tax returns showing the following gross income :

|  | Petitioner | Petition-er's wife |
|---|---|---|
| Salary | $4,033.33 | None. |
| Interest | 9,510.00 | $3,230.00 |
| Dividends | 6,224.00 | 800.00 |
| Total | 19,767.33 | 4,030.00 |

The respondent determined a deficiency against the petitioner by disallowing a deduction of $55,671.75, representing a net loss sustained by petitioner in 1921, and which he claimed the right to bring forward as a statutory net loss incurred in a trade or business regularly carried on by the taxpayer.

All of the property owned by the petitioner and his wife has been acquired since marriage. The wife owned no separate property except their home. None of the property was acquired by inheritance, bequest, devise, or gift. All the income reported by petitioner and his wife for the taxable year, except the salary earned by the husband, was from community property and, therefore, community income. The salary earned by the husband and reported in its entirety on his separate return was community income under the laws of the State of Washington. *Poe* v. *Seaborn*, 282 U. S. 101.

The respondent contends that where the petitioner and his wife filed separate returns, they can not now claim that the income should be adjusted on the community property basis and cites *Laura Allen*, 14 B. T. A. 723, in support of his contention, in which case we held that where the husband and wife, living together and residents of Washington, file separate returns, the husband reporting all of the community income in addition to the income on his separate property, and the wife reporting the income on her separate property, the respondent may not include in the wife's return one-half of the community income. The majority opinion in that case is based upon the holding that it was the duty of the husband to return all the community income for taxation, seeking to apply the same rule to community income in the State of Washington as was applied to community income in California under *United States* v. *Robbins*, 269 U. S. 315, 327.

In *Poe* v. *Seaborn*, *supra*, it was held the wife has a vested right in community property in the State of Washington and therefore one-half of the community income belongs to her and that the income tax statutes do not mean to tax to the husband the wife's part of the community income or to tax to the wife the husband's part of the community income. In view of the above interpretation of the law by the Supreme Court of the United States, the inquiry arises in a case such as we had before us in *Laura Allen*, *supra*, where separate returns had been filed, would the Commissioner have the right to take the wife's part of the community income and put it on her return and charge her with a deficiency? We think he would have such right and that in the light of the decision in *Poe* v. *Seaborn*, *supra*,

our decision in *Laura Allen, supra,* was wrong. Therefore, if in such a case the Commissioner would have the right to place the wife's share of community income on her separate return and compute the deficiency accordingly, does the husband in a case such as we have in this proceeding have the right to require the Commissioner to compute his deficiency on the basis of charging to him only his share of the community income? The undisputed facts show that all the income of petitioner and his wife during the taxable year was community income. The deduction which the husband claimed as a statutory net loss was disallowed by respondent and he does not contest the correctness of this disallowance. But petitioner's tax liability for the year in question, being now before us, he contends that he should only be taxed with one-half of the community income and that the deficiency, if any, should be computed on that basis. Is he precluded from doing so? We think not.

In *Torlief Torland,* 11 B. T. A. 35, we said, "Any taxpayer, whether he reserves the right or not, may file corrected figures upon the ascertainment that those already submitted are incorrect." In his original return the petitioner erroneously reported more than half of the community income, but did not report all of it. If petitioner and his wife had reported all their income on a single joint return, they would have been exercising an election permitted by statute which they could not now abandon. *R. Downes, Jr.,* 5 B. T. A. 1029. But petitioner and his wife having both filed separate returns during the taxable year and all the income of petitioner and his wife being community income, we think the petitioner has the right to have the deficiency computed by charging him with only one-half of the community income. That represents his entire interest in it. When separate returns are filed by husband and wife each should report his or her income and not that of another and this rule applies to community income as well as the separate income of each..

Section 274 (e), Revenue Act of 1926 reads: " The Board shall have jurisdiction to redetermine the correct amount of the deficiency," etc. Petitioner having filed a separate return for the taxable year now before us, the correct amount of the deficiency will be determined by including in his gross income his share of the community income and subtracting therefrom the deductions permitted by statute.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*