DAVID R. ALEXANDER and LILLIAN A. ALEXANDER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Alexander v. Commissioner
Docket No. 3300-82.
United States Tax Court
T.C. Memo 1984-653; 1984 Tax Ct. Memo LEXIS 22; 49 T.C.M. (CCH) 327; T.C.M. (RIA) 84653; December 18, 1984. David R. Alexander, pro se. Janine L. Hook, for the respondent. GOFFE MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined deficiencies in petitioners' Federal income *24 tax for the taxable years 1977, 1978, and 1979 and additions to tax under section 6653(a) [1] as follows: Taxpayer
Year
Deficiency
Sec. 6653(a)
David R. Alexander and
Lillian A. Alexander
1977
$6,668
$333.40
David R. Alexander
1978
3,204
160.20
David R. Alexander and
Lillian A. Alexander
1979
2,847
142.35
After concessions by the parties, the issues for decision are: (1) whether petitioners may deduct business mileage expenses, employee business expenses, and various itemized deductions; (2) whether petitioners sustained a casualty loss deductible under section 165(c)(3), or recognized gain upon reimbursement in excess of adjusted basis, for damages caused by fire at their residence; (3) whether petitioner David R. Alexander is entitled to claim an exemption for his wife on his married, filing separately, individual Federal income tax return for the taxable year 1978; and (4) whether petitioners are liable for *25 the additions to tax under section 6653(a) for negligence or intentional disregard of rules and regulations. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts, supplemental stipulation of facts, and accompanying exhibits are so found and incorporated herein by reference. David R. Alexander (Mr. Alexander) and Lillian A. Alexander (Mrs. Alexander), husband and wife, were residents of Vancouver, Washington, at the time the petition in this case was filed. Petitioners filed joint Federal income tax returns for the taxable years 1977 and 1979. Mr. Alexander filed a married, filing separately, individual Federal income tax return for the taxable year 1978. Mrs. Alexander filed no income tax return for the taxable year 1978. On March 4, 1966, Mrs. Alexander purchased residential real property located at 2734 N.E. Wasco Street, Portland, Oregon, for $7,250. No allocation was made in the purchase contract between the real estate and the residence. However, the county assessor's statement for 1967-1968 shows assessed values as follows: Land
Building
Total
Assessed Value
$300
$1,580
$1,880
Percentage
15.96%
84.04%
100.00%
*26 Petitioners married in 1974, and resided at this address. The residence and personal property contained therein were damaged in a fire on August 15, 1977. Petitioners carried insurance on the real and personal property in the amounts of $25,000 and $12,500, respectively. Petitioners were reimbursed for their losses by their insurance company in the amounts of $23,000 for the real property and $12,500 for the personal property. There were two separate valuations of the personal property damage. An arson investigation report prepared by the State of Oregon Fire Marshall's office valued the contents of the residence at $62,000, and the loss to those contents at $27,000. The insurance company adjuster listed the contents of the residence on a 13-page report and estimated the replacement value of the damaged personal property at $74,731.97, with an adjusted basis of $37,365.98. Some of the personal property for which petitioners received reimbursement were purchased by petitioners at garage sales or received by petitioners as gifts. The majority of the personal property balonged to Mrs. Alexander. Petitioners claimed casualty losses from this fire on Schedule A of *27 the Federal income tax returns for the taxable years 1977, 1978, and 1979 as follows: 1977
1978
1979
Loss before reimbursement
$40,800
$40,800
$71,500
Less insurance reimbursement
12,500
12,500
35,500
Unreimbursed loss
$28,300
$28,300
$36,000
Less floor
100
100
100
Loss claimed
$28,200
$28,200
$35,900
Loss used for the taxable year
$12,100
$13,000
$11,000
On or about August 29, 1977, Mrs. Alexander purchased residential real property located in Vancouver, Washington, for $25,000 cash. Mr. Alexander was employed as a drain cleaner for seven months of the taxable year 1977. Petitioners claimed a deduction in the amount of $1,998 for business mileage expenses on their joint Federal return for the taxable year 1977. Petitioners also claimed a deduction in the amount of $603.50 for radio beeper charges, cable, gloves, and parts used in Mr. Alexander's business on their joint Federal income tax return for the taxable year 1977. On November 23, 1981, the Commissioner timely issued [2] a statutory notice of deficiency to petitioners for the taxable years 1977 and 1979. The Commissioner determined that petitioners did not sustain *28 a loss from the fire in 1977, as the insurance reimbursement received equaled the established basis in the damaged personal property. All deductions claimed under section 165 for casualty losses for damages to the personal property for both taxable years were therefore disallowed. The Commissioner further determined that the insurance reimbursement for the damage to the real property, to the extent that it exceeded an adjusted basis of zero, was capital gain in the taxable year 1977. The minimum tax on capital gain tax preferences under section 56 was also imposed for the taxable year 1977. Further adjustments were: (1) disallowance of the business mileage expenses in the taxable year 1977 as nondeductible commuting expenses; (2) disallowance of employee business expenses in the taxable year 1977 as unsubstantiated; and (3) disallowance of $419 of real estate taxes in the taxable year 1977 and numerous itemized deductions for the taxable year 1979, on the basis that total deductions claimed did not exceed the zero bracket amounts of $3,200 in the taxable year 1977 and $3,400 in the taxable year 1979. An addition to tax under section 6653(a) was imposed for both taxable *29 years on the basis that a portion of the underpayment of tax for both taxable years was due to negligence or intentional disregard of rules and regulations. On November 23, 1981, the Commissioner also issued a statutory notice of deficiency to Mr. Alexander, individually, for his married, filing separately, individual Federal income tax return for the taxable year 1978. The Commissioner again determined that petitioners had not sustained a casualty loss as a result of the fire, and disallowed the carryover deduction claimed for the loss. The Commissioner deducted $950 of state income tax refund from income during taxable year 1978, on the basis that petitioners received no prior tax benefit from payment of the tax, due to their inability to itemize deductions in the taxable year 1977. As in the notice of deficiency for the taxable years 1977 and 1979, *30 the Commissioner disallowed all itemized deductions for the taxable year 1978 as the total of such deductions did not exceed the zero bracket amount of $1,600. Finally, as it had not been established either that Mrs. Alexander had no gross income or that Mr. Alexander provided over one-half of her support, the Commissioner disallowed the exemption claimed for Mrs. Alexander on Mr. Alexander's return. OPINION After concessions [3] by the parties, the issues for decision are: (1) whether petitioners may deduct business mileage expenses, employee business expenses, and various itemized deductions; (2) whether petitioners sustained a casualty loss deductible under section 165(c)(3), or recognized gain upon reimbursement in excess of adjusted basis, for damages caused by a fire at their residence; (3) whether petitioner David R. Alexander is entitled to claim an exemption for his wife on his married, filing separately, individual Federal income tax return for the taxable year 1978; and (4) whether petitioners are liable for the additions to tax under section 6653(a) for negligence or intentional disregard of rules and regulations. *31 The statutory notice of deficiency is presumptively correct, and petitioners have the burden of disproving each individual adjustment. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). In the absence of any evidence presented by petitioners to substantiate their deductions for business mileage expenses or employee business expenses in the taxable year 1977, petitioners are deemed to have conceded the correctness of the Commissioner's determination. Similarly, no evidence was presented to substantiate the itemized deductions claimed in any of the taxable years at issue with the exception of the evidence pertaining to the casualty loss. The Commissioner's determination that petitioners are entitled to claim only the zero bracket amounts for the taxable years 1978 and 1979 is therefore sustained. Fur the taxable year 1977, the Commissioner's determination to disallow the unsubstantiated deductions is also sustained, although the zero bracket amount is not applicable for reasons discussed below. The major issue in this case is that of the deductibility of a casualty loss. Respondent agrees that petitioners' property was damaged by a fire in the taxable *32 year 1977. The issue for decision, however, is whether the casualty resulted in a sustained loss under section 165(c)(3) or a recognized gain. For clarity, the casualty will be discussed first with reference to the real property, and second, with reference to the personal property. We need not examine the validity of the county assessor's allocation of value between the real estate and the residence for purposes of determining whether petitioners sustained a loss to the real property. An allocation is unnecessary where the real property is neither used in a trade or business nor in any transaction entered into for profit. Secs. 1.165-7(b)(2)(ii) and (3) (Example (3), Income Tax Regs. Although Commissioner determined that petitioners had an adjusted a basis of zero in the real estate, we find that petitioners have proved a cost basis in the real property of $7,250. Petitioners therefore realized a capital gain of $15,750 upon the receipt of insurance proceeds in the amount of $23,000 for the damage to the residence. Realization of gain does not, however, always equate to recognition of gain. In this instance, section 1033 applies to defer the realized gain. *33 Sec. 1.1033(b)-1, Income Tax Regs. Petitioners acquired property similar in use to the property destroyed before the replacement period under section 1033(a)(2)(B) had expired. Sec. 1033(a)(1). As the cost of the newly acquired property in the amount of $25,000 exceeded the conversion proceeds of $23,000, the basis of the replacement property is computed as follows: $25,000 (basis of newly acquired property) less $15,750 (unrecognized gain realized upon destruction), resulting in a basis for the newly acquired property of $9,250. Sec. 1033(b). Recognition of the gain realized is therefore postponed to a sale, exchange, or other disposition in a taxable year after the taxable year 1977. Petitioners also contend, however, that they realized a substantial loss on the personal property damage despite reimbursement by insurance. Generally the amount of the loss is determined under section 1.165-7(b)(1), Income Tax Regs.: In the case of any casualty loss whether or not incurred in a trade or business or in any transaction entered into for profit, the amount of loss to be taken into account for the purposes of section 165(a) shall be the lesser of either-- (i) The amount which *34 is equal to the fair market value of the property immediately before the casualty reduced by the fair market value of the property immediately after the casualty; or (ii) The amount of the adjusted basis * * * for determining the loss from the sale or other disposition of the property involved. Section 165(a) provides that the deduction for a casualty loss is always reduced by insurance or other compensation received for the loss. Section 165(c)(3) further provides that each loss of property is deductible only to the extent that it exceeds a floor of $100. Generally, a casualty loss is allowed as a deduction only for the taxable year in which the loss is sustained. Sec. 1.165-1(d)(1), Income Tax Regs.
Petitioners have the burden of proving that the amount of their loss, i.e., the lesser of fair market value or basis, exceeded the insurance proceeds. Petitioners' evidence as to the lesser of basis or fair market value of the personal property consisted of Mr. Alexander's testimony, the arson investigation report, and the property loss worksheet prepared by the insurance adjuster, none of which were supported by any receipts or other documents. Although supporting *35 evidence may be difficult or even impossible to obtain, petitioners are not relieved of their burden of proof. Burnet v. Houston,283 U.S. 223 (1931); Rule 142(a). However, if petitioners can establish that some deduction is allowable, absolute certainty is not required and the Court may approximate the allowable deductions "bearing heavily if it chooses upon the taxpayer whose inexactitude is of his own making." Cohan v. Commissioner,39 F.2d 540, 543-544 (2d Cir. 1930). After reviewing all of the evidence, we find that petitioners had an adjusted basis in the damaged personal property of $30,000. After adjustments for the insurance proceeds received by petitioners and the $100 floor under section 165(c)(3), petitioners may therefore claim a casualty loss of $17,400, subject to the restrictions that the deduction claimed cannot reduce petitioners' taxable income below zero, and that any excess deduction may not be carried over or carried back to another taxable year. The third issue for decision is whether Mr. Alexander is entitled to claim an exemption for his wife on his married, filing separately, individual Federal income tax return *36 for the taxable year 1978. Although Mr. Alexander testified summarily that his wife had no income of her own that year, no supporting evidence was offered to show that his wife had no gross income and was not the dependent of another taxpayer. Sec. 151(b). Mr. Alexander has therefore failed to meet his burden of proof under Rule 142(a), and we must hold for respondent on this issue. Stephenson v. Commissioner,79 T.C. 995, 1004 (1982); Breland v. United States,323 F.2d 492, 497 (5th Cir. 1963). However, although Mr. Alexander is not entitled to claim an exemption for his wife on his return filed as married, filing separately, neither is he taxable on the one-half of his gross income attributed to Mrs. Alexander under the community property laws of the State of Washington. E. H. Stanton v. Commissioner,21 B.T.A. 1380 (1931). Petitioners also have the burden of proof with respect to the additions to tax. Bixby v. Commissioner,58 T.C. 757 (1972); Enoch v. Commissioner,57 T.C. 781 (1972). Petitioners presented no evidence that any underpayment of taxes in each of the taxable years *37 1977, 1978, and 1979 was not due to negligence or intentional disregard of the rules and regulations. The additions to tax under section 6653(a) must be sustained. Rule 142(a). Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, and attendant regulations as amended and in effect for the relevant years, and all rule references are to this Court's Rules of Practice and Procedure.↩
2. In late 1980, petitioners executed a Form 872, "Consent to Extend the Time to Assess Tax," extending until the later of December 31, 1981, or 60 days after a notice of deficiency sent to petitioners on or before December 31, 1981, the period in which the Commissioner could assess Federal income tax for the taxable year 1977.↩
3. At trial, respondent conceded $2,781 of the income adjustment for the taxable year 1977 and $24,900 of the income adjustment for the taxable year 1979, due to mathematical errors in the statutory notice.↩