T.C. Memo. 1996-475


UNITED STATES TAX COURT


JO ANN PORTER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12537-94.          Filed October 22, 1996.


Thomas Smidt II, for petitioner.

Franklin R. Hise, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

WOLFE, Special Trial Judge:  This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.  All section references are to the Internal Revenue Code in effect for the taxable year in issue, unless otherwise indicated.

All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 1991 Federal income tax in the amount of $1,811 and an accuracy-related penalty under section 6662(a) in the amount of $362. At trial, respondent conceded the section 6662(a) penalty.

The issue for decision in this case is whether the amount received by petitioner Jo Ann Porter in 1991 as a portion of her former spouse's military retirement pay constitutes taxable income to her.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulated facts and attached exhibits are incorporated by this reference. Petitioner resided in Albuquerque, New Mexico, when her petition was filed.

Petitioner married Kenneth R. Porter (Kenneth) on July 7, 1955. Kenneth was a member of the U.S. Air Force from March 22, 1958, until he retired on July 1, 1979. The location of Kenneth's and petitioner's domicile from 1958 to 1979 is not disclosed in the record. Petitioner and Kenneth were divorced on September 15, 1983. They have not resided in the same household since that time.

Petitioner and Kenneth executed a Settlement Agreement and Stipulation (Settlement Agreement) that became effective September 15, 1983. On that same date, the Settlement Agreement

was ratified and incorporated into a Final Decree of Dissolution of Marriage (Final Decree) by the District Court of the Second Judicial District of the State of New Mexico, County of Bernalillo.[1]  The Final Decree provided in relevant part as follows:

> 4.  <u>AIR FORCE RETIREE PAY</u>.
>
> * * *
>
> f.  The treatment of Kenneth R. Porter's disposable retired pay, as defined in 10 U.S.C. section 1408(a)(4), as community and marital property of the member and the spouse is in accordance with the law of the State of New Mexico.

The Settlement Agreement, which referred to Jo Ann Porter as "Petitioner" and Kenneth as "Respondent," provided in relevant part as follows:

> II.  <u>PROPERTY DECLARATION AND DIVISION</u>:
>
> * * *
>
> B.  <u>Community Property</u>.  The Community Property of the parties is hereby divided equally as follows:
>
> 1.  To the Petitioner, Jo Ann Porter as her sole and separate property:
>
> * * *
>
> (b)  One-half of the Air Force Retiree Monthly Pay and benefits, as more fully defined below;
>
> * * *
>
> 2.  To the Respondent, Kenneth R. Porter as his sole and separate property.
>
> * * *
>
> (b)  One-half of the Air Force Retiree Monthly Pay, as more fully defined below;

---

[1]     The Final Decree provided:  "The Settlement Agreement of the parties is hereby ratified and made an integral and non-separable part of this decree, is merged into the decree and shall operate in every respect as an order and decision of the Court.  The parties are hereby ordered to carry out the terms and provisions of said Settlement Agreement."

* * *

C.  <u>Air Force Retiree Pay</u>.

* * *

7.  The wife is entitled to receive as her sole and separate property 50% of the ownership interest in Kenneth R. Porter's disposable retired pay, as defined by 10 U.S.C. section 1408(a)(4), as amended.

10.  During the interim period subsequent to the effective date of this agreement, Kenneth R. Porter will pay to Jo Ann Porter directly her 50% share of his disposable retired pay as defined by 10 U.S.C. section 1408(a)(4), as amended, until the direct government payment is fully processed.  Petitioner agrees to institute processing of such direct payment promptly.  For the check for the month of September, or until a change is processed in the account into which the monies are paid, Petitioner will promptly pay to Respondent his one-half share of such monthly pay.  Such pay is now paid directly into the account at Western Bank that Petitioner will be taking as her separate property toward the end of the month in which such pay is due.

Kenneth also agreed to pay petitioner as lump sum alimony the sum of $7,661, due and payable by October 15, 1983, or within a reasonable time thereafter.  There have been no modifications of the Final Decree or the Settlement Agreement.

Petitioner discussed the tax consequences of receiving her community portion of Kenneth's disposable retired pay with her attorney and Kenneth.  She understood that she was to receive her portion of such pay net of taxes paid.  Petitioner did not institute the processing of the direct Government pay.  She understood from Kenneth that he would file the necessary forms.  Direct deposits of petitioner's share of Kenneth's disposable retired pay subsequently were reported on petitioner's monthly bank account statements.  Petitioner never received a Form 1099-R, Distributions From Pensions, Annuities, etc., or other informational statement from the U.S. Air Force.

Petitioner has received a portion of Kenneth's disposable retired pay since their divorce. She has not included such amounts in her gross income as reported on her Federal income tax returns for any taxable year up to and including 1991.

As reported on his 1991 Form 1099-R, the taxable amount of Kenneth's military retirement pension for 1991 was $22,776. The amount withheld for Federal income tax was $2,561, so the after-tax distribution was $20,215. On his 1991 Form 1040, U.S. Individual Income Tax Return, filed jointly with his wife Faye, Kenneth included in his taxable income the amount of $22,776. He also reported as Federal income tax withheld, and credited against his total tax, the amount of $2,561. On line 29 of the return, Kenneth deducted as alimony paid the amount of $10,107-- 50 percent of $20,215, rounded down--and identified petitioner by Social Security number as the recipient. Petitioner did not include the $10,107 distribution in her gross income for 1991 or otherwise report it on her 1991 Form 1040.

## OPINION

Petitioner concedes in her posttrial brief that the portion of Kenneth's disposable retired pay she received in 1991 is "inherently" taxable income. However, petitioner argues that based upon the language of the Settlement Agreement and 10 U.S.C. section 1408(a)(4) (1994), as amended and in effect during 1991, such income is not taxable to her because she received it tax

paid and also argues that she is entitled to one-half of the income tax credit attributable to that income.

Respondent has determined a deficiency in petitioner's income tax for 1991 on the ground that the military retirement payment of $10,107 received by petitioner in 1991 and omitted from her return is gross income under section 61 and should have been reported as income on such return. Respondent's determinations are presumed correct, and petitioner has the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

In general, State law governs the creation of legal interests and rights in property and Federal law determines the Federal tax consequences of transactions affecting such rights. United States v. Mitchell, 403 U.S. 190 (1971); Estate of Gamble v. Commissioner, 69 T.C. 942, 948 (1978).

As a preliminary matter, we conclude that the payment at issue in this case represents petitioner's community property interest in Kenneth's disposable retired pay. New Mexico is a community property State. N.M. Stat. Ann. sec. 40-3-6 to 40-3-17 (Michie 1994); Ruggles v. Ruggles, 116 N.M. 52, 62, 860 P.2d 182, 192 (1993). Community property is "property acquired by either or both spouses during marriage which is not separate property." N.M. Stat. Ann. sec. 40-3-8B. Separate property includes "property designated as separate property by a judgment or decree of any court having jurisdiction" and "property designated as

separate property by a written agreement between the spouses".
N.M. Stat. Ann. sec. 40-3-8A(3), (5).  The record in this case
establishes that Kenneth's disposable retired pay is community
property, even though Kenneth sought to deduct petitioner's
interest as alimony on his 1991 Form 1040.

Section 61 provides that, in general, gross income means all
income from whatever source derived, including pensions.  Sec.
61(a)(11); sec. 1.61-11, Income Tax Regs.  The disposable retired
pay received by petitioner in 1991 was from a community interest
in a military pension and constitutes pension income to her under
section 61(a)(11).  Eatinger v. Commissioner, T.C. Memo. 1990-
310; Denbow v. Commissioner, T.C. Memo. 1989-92; Lowe v.
Commissioner, T.C. Memo. 1981-350.

Section 31 provides that the amount withheld as income tax
on wages shall be allowed to the recipient of the income as a
credit against the income tax.  For the purpose of the credit,
the recipient of the income is the person subject to the income
tax imposed under subtitle A upon the wages from which the tax
was withheld.  Sec. 1.31-1(a), Income Tax Regs.  The regulations
explain further that if a husband and wife domiciled in a
community property State make separate returns, and each reports
for income tax purposes one-half of the wages received by the
husband, each spouse is entitled to one-half of the credit
allowable for the tax withheld with respect to such wages.  Id.

This Court, however, is without jurisdiction to consider petitioner's contention that she is entitled to a withholding credit under section 31 because under section 6211, a deficiency is determined without regard to the amount of taxes withheld on a petitioner's income.  Sec. 6211(a) and (b); Schlosser v. Commissioner, 94 T.C. 816, 825 (1990); Redcay v. Commissioner, 12 T.C. 806, 809-810 (1949); Eatinger v. Commissioner, supra.

We hold that the portion of petitioner's ex-husband's disposable retired pay received by her during 1991 was derived from her community interest therein and constitutes taxable pension income to her under section 61(a)(11).  Eatinger v. Commissioner, supra; Denbow v. Commissioner, supra; Lowe v. Commissioner, supra; see also Stanton v. Commissioner, 21 B.T.A. 1380, 1381-1382 (1931); Calhoun v. Commissioner, T.C. Memo. 1992-408.  Respondent is sustained on this issue.  If petitioner has any remedies with respect to a credit for withholding taxes, they lie elsewhere.  See Eatinger v. Commissioner, supra.

To reflect the foregoing,

Decision will be entered under Rule 155.