OPINION. Harlan, Judge: The first question relates to the deductions of $5,250 for 1944 and $5,200 for 1945 claimed by petitioner as losses or bad debts. After his discharge as principal of a high school on December 12, 1939, the petitioner reported as taxable income in his returns for 1940, 1941, and 1942 the salaries he would have received had he continued to serve as principal. These salaries were reported because petitioner believed that he would be successful in obtaining reinstatement to the position of principal and in obtaining compensation for the period between discharge and reinstatement. Litigation to bring about reinstatement met with no success. Redcay v. State Board of Education (1942), 25 Atl. (2d) 632; (1943), 33 Atl. (2d) 120; and (1944), 36 Atl. (2d) 428. After a decision by the Supreme Court of New Jersey on July 28, 1943, sustaining the action of the local board, the commissioner of education, and the state board in dismissing him, the petitioner discontinued reporting salaries from this source as taxable income. Petitioner contends that he filed his income tax returns on the accrual basis; that he had the right to receive the salaries in question in 1940, 1941, and 1942, and properly included them in his taxable income; and that, inasmuch as he lost this right in 1944 and 1945, he was entitled to either loss or bad debt deductions in those years. We are unable to agree with the petitioner. “He had no method of accounting, for he kept no books, and, except in an extraordinary case * * * an accrual method without accounting records is an anomaly.” John A. Brunder, 3 B. T. A. 231. But even if it be assumed for the purposes of this case that he was entitled to report his income on the accrual basis of accounting, the accruals of the amounts reported in 1940, 1941, and 1942 were improper. Under the accrual method, income is accruable when the right to receive it becomes fixed. Spring City Foundry Co. v. Commissioner, 292 U. S. 182. During the years 1940, 1941, and 1942 petitioner’s claim for compensation was in litigation and his right to receive any part of the $11,400 reported by him never became fixed so as to be includible in taxable income on the accrual basis. Dixie-Pine Products Co. v. Commissioner, 320 U. S. 516; Security Flour Mills Co. v. Commissioner, 321 U. S. 281. All petitioner ever had was a disputed claim for compensation. The Middletown Township Board of Education was never indebted to him for any part of the $11,400, he had no indebtedness which became worthless, and he sustained no loss during the taxable years. The petitioner may not correct the error made in overstating his income for the years 1940, 1941, and 1942 by taking deductions therefor, in a subsequent year. Cf. Gould Pamper Co., 26 B. T. A. 560, 578; affirmed on this point, 72 Fed. (2d) 698. Our decision on this issue is for the respondent. Pursuant to permission granted at the hearing, the petitioner amended his petition to allege as error the failure of the respondent in determining the deficiency to allow a refund or credit for $1,174.30 income tax withheld during the year 1945. Our decision of the first issue for the respondent eliminates any question of overpayment or refund. There remains for consideration, therefore, only the question of the correctness of the “deficiency” determined by the respondent. “Deficiency” is defined in subsection (a) (1) of section 271 of the Internal Revenue Code to be the excess of the tax imposed over the amount shown as the tax by the taxpayer on his return, and subsection (b) (1) of the same section provides that the tax imposed and the tax shown on the return shall both be determined without regard to the credit for tax withheld under section 35. The tax imposed for 1945 was $1,904.22, the tax shown on the return $364.42, and the deficiency determined by the respondent $1,539.79. The respondent committed no error in determining the deficiency by failing to allow a credit for income tax withheld during the year 1945 in the amount of $1,174.30. Decision, will be entered under Rule 60.