CHARLES EDWARD McKINNON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McKinnon v. Commissioner
Docket No. 9888-80.
United States Tax Court
T.C. Memo 1982-229; 1982 Tax Ct. Memo LEXIS 522; 43 T.C.M. (CCH) 1237; T.C.M. (RIA) 82229; April 28, 1982. Charles Edward McKinnon, pro se. Robert J. Alter and Charles Williams, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose *523 of conducting the hearings and ruling on respondent's Motion for Partial Summary Judgment and respondent's Motion for Summary Judgment filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion for Partial Summary Judgment, filed on February 25, 1981, and respondent's Motion for Summary Judgment, filed on July 31, 1981, both of which motions were filed pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2]
Respondent, in his notice of deficiency issued to petitioner on March 17, 1980, determined a deficiency in petitioner's Federal income tax for the taxable year *524 1978 in the amount of $ 729.00. The income tax deficiency was based on the following adjustments: Vow of Poverty income
$ 12,618.00 Contributions
[3] (6,309.00)
Taxes
(290.00)
Taxes
(659.00)
$ 5,630.00 In his answer, filed on August 11, 1980, respondent affirmatively alleges that he erroneously allowed the $ 6,309 charitable contribution in his deficiency notice and seeks an increased deficiency of $ 1,100 pursuant to the provisions of section 6214(a). [4] Thus, respondent seeks an income tax deficiency for the taxable year 1978 in the amount of $ 1,829. Petitioner's address on the date he filed his petition was 2311-8 Southern Blvd., Apt. 801, Bronx, New York. He filed an individual 1978 Federal income tax return with the Internal Revenue Service. *525 The petition was filed on June 18, 1980, wherein petitioner alleges that he is "an agent of the order" and under such condition his income is tax exempt. Secondly, he questions the determined income tax deficiency in maintaining that respondent has failed to credit him with income tax withheld on his income. Respondent, on August 11, 1980, filed his answer where at paragraph 6 he affirmatively aggeges, in pertinent part, as follows: (b) The petitioner did not make any charitable contributions under I.R.C. Sec. 170 since the charitable contributions allegedly made by the petitioner were used or available to be used for his personal benefit. (c) The donee organization to which the alleged charitable contributions were made is not an organization described in section 170(c)(2) since it was not organized or operated exclusively in furtherance of religious purposes, but instead, operated to further the private interests of the petitioner. * * * [5]
When no reply was filed respondent, on October 9, 1980, filed a Motion for Entry of an Order that Undenied Allegations in *526 Answer be Deemed Admitted. [6] By Notice served on petitioner by the Court on October 16, 1980 petitioner was given until October 30, 1980 in which to file a reply and respondent's motion was calendared for hearing at Washington, D.C. on November 19, 1980. Upon petitioner's request the reply due date was extended to December 10, 1980 and the hearing was continued to December 17, 1980. Petitioner did not appear at the hearing nor did he file a reply. As a consequence, we granted respondent's motion and deemed admitted the undenied affirmative allegations of fact contained in paragraphs 6(a) to (d), inclusive of respondent's answer. [7]
On February 25, 1981 respondent filed his Motion for Partial Summary Judgment wherein he seeks judgment as a matter of law on the charitable contribution issue. A copy of that Motion together with a copy of the Court's Notice of Hearing, calendaring respondent's Motion *527 for hearing at Washington, D.C. on April 15, 1981, were served on petitioner by the Court on March 4, 1981. Petitioner did not appear at the hearing nor did he file a response to respondent's motion. On this record, respondent, on the basis of the matters deemed admitted in paragraph 6 of his answer has satisfied the burden of proof placed upon him and he is entitled to a decision as a matter of law on the charitable contribution issue. His Motion for Partial Summary Judgment will be granted. On May 26, 1981 respondent filed a Request for Admissions, a copy of which respondent served on petitioner on May 21, 1981. That request seeks the following admissions: 1. During the taxable year 1978, the petitioner was employed as a laborer by the United Parcel Service, Inc. and the Don-All Construction Company. 2. During the taxable year 1978, the petitioner received $ 8,638.00 in wages from the United Parcel Service, Inc. and at least $ 3,980 in wages from the Don-All Construction Company [i.e., total wages of $ 12,618.00]. 3. Petitioner's positions with the United Parcel Service, Inc. and Don-All Construction Company did not involve any religious duties. 4. Petitioner *528 secured the positions with United Parcel Service, Inc. and Don-All Construction Company through his own efforts. 5. Petitioner performed work-related services for United Parcel Service, Inc. and Don-All Construction Company in his individual capacity. 6. Neither United Parcel Service, Inc. nor Don-All Construction Company negotiated with Chapter No. 101180 - Life Science Church or Life Science Church for petitioner's services and are not related to Chapter No. 101180 - Life Science Church in any way. 7. Neither the Life Science Church nor Chapter No. 101180 - Life Science Church have entered into any written agreements with the United Parcel Service, Inc. or Don-All Construction Company to provide the petitioner's services or the services of any other member of Life Science Church or Chapter No. 101180 thereof. 8. On December 29, 1978 the petitioner executed a vow of poverty whereby he purportedly transferred all his assets, including his wages, to Chapter No. 101180 - Life Science Church. 9. Following the organization of Chapter No. 101180 - Life Science Church, petitioner's payroll checks from United Parcel Service and Don-All Construction Company were deposited *529 in a checking account in Chapter No. 101180's name. 10.The foregoing checking account was controlled by the petitioner. 11. Petitioner used funds from this account to pay for his living expenses (e.g., rent, gasoline and groceries). 12. Petitioner performed the same services for United Parcel Service and Don-All Construction Company after Chapter No. 101180 was organized, as he had before it was created. 13. Petitioner has never received a formal degree in theology. 14. Chapter No. 101180 - Life Science Church has no congregation or recorded members. 15. Chapter No. 101180 - Life Science Church has no regular worship services. 16. Chapter No. 101180 - Life Science Church operates from the address where petitioner resides. 17. Chapter No. 101180 - Life Science Church has never submitted an application to the Internal Revenue Service requesting exempt status under I.R.C. Sec. 501(c) (3). 18. Petitioner used entirely for his own benefit any monies or other property which was transferred to Chapter No. 101180 - Life Science Church. 19. Chapter No. 101180 - Life Science Church was merely a tax avoidance device whereby the petitioner *530 hoped to insulate his wages from taxation and yet use wages to pay for his personal living expenses. 20. Petitioner claimed an excessive and false number of withholding exemptions on the Forms W-4 he filed with his employers during 1978. 21. Petitioner's wages from the United Parcel Service, Inc. and Don-All Construction Company are includable in his gross income for 1978. As stated earlier respondent, on May 26, 1981, served on petitioner a 21-paragraph Request for Admissions. See Rules 90(a) and (b). Petitioner at no time served written answers on respondent nor did he file an original of such answers with this Court. In such posture, each matter contained in respondent's Request for Admissions is deemed admitted. Freedson v. Commissioner,65 T.C. 333 (1975); see Oaks v. Commissioner,T.C. Memo. 1981-605; Myers v. Commisioner,T.C. Memo. 1980-549; Edelson v. Commissioner,T.C. Memo. 1979-431; Bassett v. Commissioner,T.C. Memo. 1979-14; Rules 90(c) and (e). On July 31, 1981, respondent filed his Motion for Summary Judgment. [8] That Motion, which we deem to seek judgment on the only *531 remaining issue left in the case, i.e., whether petitioner's salary of $ 12,618 is exempt from income taxation, eventually came on for hearing at Washington, D.C. on March 31, 1982. Petitioner, as indicated in footnote 8, did not appear nor did he file a response to respondent's Motion. The matters deemed admitted in respondent's Request for Admissions conclusively show that petitioner's salary is not exempt from Federal income taxation. Respondent Motion for Summary Judgment will be granted. *532 With respect to petitioner's contention that respondent's income tax deficiency determination did not take into consideration income tax withheld at source, section 6211 provides, in part: * * * the term "deficiency" means the amount by which the tax imposed by subtitle A or B * * * exceeds the excess of -- (1) the sum of (A) the amount shown as the tax by the taxpayer upon his return [here the tax shown on the return was zero], if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon * * *." Both the tax reported on a return and the tax liability determined are computed without regard to credits for withholding or estimated tax payments. Section 6211(b)(1). [9]
Rule 121(b) provides that a Motion for Summary Judgment shall be granted if the "pleadings, * * * admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered *533 as a matter of law. A partial summary adjudication may be made which does not dispose of all the issues in the case." Here, petitioner has refused to submit any information which contradicts respondent's factual determinations. On the basis of the pleadings, those matters deemed admitted in respondent's Answer and in respondent's Request for Admissions, respondent has amply demonstrated to our satisfaction that there is no genuine issue as to any material fact present in this record and, thus, that respondent is entitled to a decision as a matter of law. An appropriate order and decision will be entered.
Footnotes
1. Since these are pretrial motions and there is no genuine issue of material fact, the Court has concluded that the post trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule.
2. All rule references herein are to the Tax Court Rules of Practice and Procedure.↩
3. Petitioner apparently claimed no deduction for contributions on his 1978 Federal income tax return. The amount allowed by respondent, in his deficiency notice, is one-half of the Vow of Poverty income.↩
4. All section references are to the Internal Revenue Code of 1954, as amended. The burden of proof with respect to the charitable contribution issue is upon respondent. Rule 142 (a).↩
5. A copy of the answer was served on petitioner by respondent on August 7, 1980.↩
6. A copy of that motion was served on petitioner by respondent on October 6, 1980. ↩
7. At which time the pleadings were closed. See Rules 34, 36, 37(c), 38, and 121. A copy of the Court's Order dated December 17, 1980 was served on petitioner by the Court on December 29, 1980.↩
8. A Copy of that Motion together with a copy of the Court's Order with respect thereto were served on petitioner by the Court by certified mail. That mailing was returned to the Court with the following notation on the envelope, "Addressee unknown". The Court remailed the documents to petitioner by regular mail. That mailing was likewise returned with this notation on the envelope, "Returned to sender - ATTEMPTED - NOT KNOWN". We observe, on this point, that petitioner has never notified the Court, in writing, of any change of address as required by Rule 21(b)(4). Other than the foregoing documents, we are entirely satisfied that petitioner has received copies of all orders, notices, motions and pleadings extant in this record. He has totally failed to respond to any of those documents.↩
9. See Redcay v. Commissioner,12 T.C. 806 (1949); Kasey v. Commissioner,T.C. Memo. 1976-266; Scott v. Commissioner,T.C. Memo. 1968-172↩.