PAUL J. O'CONNOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
O'Connor v. Commissioner
Docket Nos. 11024-81 and 8839-82.
United States Tax Court
T.C. Memo 1983-4; 1983 Tax Ct. Memo LEXIS 784; 45 T.C.M. (CCH) 461; T.C.M. (RIA) 83004; January 4, 1983. Paul J. O'Connor, pro se. Eugene P. Bogner, for the respondent. KORNER
MEMORANDUM OPINION KORNER, Judge: In these consolidated cases, respondent determined deficiencies of income and additions to tax under section 6653(a) [1] for the years and in amounts as follows: YEARS ENDING
DEFICIENCY IN
ADDITIONS TO TAX
DECEMBER 31
INCOME TAX
SECTION 6653(a)
1977
$3,416.00
$85.55
1978
2,876.00
143.80
1979
3,258.00
162.90
1980
3,961.00
198.05
At the time of filing his timely petition herein, petitioner was a resident of Hillsboro, Ohio. In his petition, petitioner raises the following issues: 1. Petitioner alleges error by respondent in determining that petitioner received taxable income from performing personal services for National Distillers & Chemical Corporation in each of the years 1977 through 1980. 2. Petitioner asserts that respondent erred in determining additions *786 to tax against him for each of the years in issue under the provisions of section 6653(a). [2]
In addition to the above issues formally raised by the petition *787 herein, the parties made it clear to the Court at trial that two other issues were being presented to the Court and should be addressed. Under the provisions of Rule 41(b), the following issues are therefore considered to be before the Court by consent of the parties: 3. Petitioner asserts error on the part of respondent in disallowing four exemptions for the year 1977, and five exemptions for each of the years 1978, 1979 and 1980, as claimed by petitioner in his returns. 4. Petitioner contests the disallowance by respondent of a claimed farm loss of $1,027.50 for the year 1977. Issue 1. - Income From Personal Services
At the trial of this case, after the parties' stipulations of fact and joint exhibits were received, respondent orally moved for partial summary judgment on this issue under Rule 50. Petitioner agreed that no material facts were in dispute and contested the motion solely on the ground that the Federal income tax is not applicable to his compensation for services rendered. The undisputed and stipulated facts show that in the years in issue, petitioner received compensation for services performed by him for National Distillers & Chemical Corporation *788 in the following amounts: YEAR
COMPENSATION
1977
$15,921.25
1978
14,573.00
1979
16,389.09
1980
18,249.61
The above are the same amounts as determined in respondent's statutory notice. The Court finds that there are thus no material facts in dispute and that the issue may be disposed of as a matter of law. Rule 121(b). Petitioner's position on the law is clearly without merit. Compensation for personal services is clearly within the definition of income upon which Congress may levy an income tax under the Sixteenth Amendment to the Constitution, Eisner v. Macomber,252 U.S. 189 (1920); Commissioner v. Glenshaw Glass Co.,348 U.S. 426 (1955); Rice v. Commissioner,T.C. Memo. 1982-129. Congress clearly did so in section 61(a), by defining gross income for tax purposes to be "all income from whatever source derived, including (but not limited to) * * * compensation for services, including fees, commissions and similar items * * *." Respondent's motion for partial summary judgment with respect to this issue must therefore be granted. Issue 2. - Exemptions
In the stipulations filed by the parties *789 at trial, and by concession in open court, respondent conceded that he erred in disallowing four exemptions under section 151 for the year 1977, and five exemptions for each of the years 1978, 1979 and 1980. Such concession disposes of this issue and can be given effect in the Rule 155 computation herein. Issue 3. - Farm Loss - 1977
Issue 4. - Additions to Tax Under Section 6653(a)
At trial, petitioner declined to testify or to present evidence with respect to the farm loss of $1,027.50 claimed in his 1977 return, or with respect to respondent's proposed additions to tax under section 6653(a). No facts or exhibits were stipulated with respect to these issues. Respondent accordingly orally moved that these issues be determined in his favor, for failure of proof by petitioner under Rule 149(b). Since petitioner had the burden of proof on these issues, Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), it is clear that respondent's motion must be granted. Decisions will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory, references are to the Internal Revenue Code of 1954, as in effect in the years in issue. All rule references herein are to the Tax Court Rules of Practice and Procedure.↩
2. In his petition, petitioner purported to raise another issue regarding respondent's failure to allow, in his statutory notice of deficiency, prepayment credits to petitioner on account of income tax withheld from him for the years 1978 and 1979, although similar prepayment credits on account of withheld income tax were recognized in respondent's statutory notices for the years 1977 and 1980. Such issue is not properly before the Court, since the determination of a deficiency by respondent, and the redetermination of such deficiency by this Court, is to be made without reference to any withholding under section 31, pursuant to the provisions of section 6211(b)(1) and section 6214. Redcay v. Commissioner,12 T.C. 806↩ (1949). However, respondent's statutory notices do recognize petitioner's prepayment by withholding for the years 1977 and 1980, and we assume that appropriate credit will be given petitioner for taxes withheld as part of respondent's collection process pursuant to our decision herein.