PAUL F. BELLOFF, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Belloff v. Commissioner
Docket No. 3128-89
United States Tax Court
T.C. Memo 1991-350; 1991 Tax Ct. Memo LEXIS 392; 62 T.C.M. (CCH) 274; T.C.M. (RIA) 91350; July 30, 1991, Filed *392 Decision will be entered under Rule 155. Emil Sebetic, for the petitioner. Diane R. Mirabito, for the respondent. CLAPP, Judge. CLAPP
MEMORANDUM OPINION In June 1986, respondent assessed penalties against petitioner for the tax years 1982, 1983, and 1984, pursuant to section 6700, [1] relating to the promotion of abusive tax shelters. In February 1987, after having paid 15 percent of those penalties, petitioner filed a summons and complaint in the United States District Court for the Eastern District of New York (District Court), pursuant to section 6703(c), in which he sought a refund of amounts paid. In November 1987, respondent applied petitioner's claimed overpayment or refund of $ 18,370.76, as shown on his 1986 tax return, against section 6700 penalties for 1982. On December 21, 1988, respondent issued a notice of deficiency to petitioner for tax year 1986, determining a deficiency of $ 17,137 and additions to tax pursuant to section 6653(a)(1)(A) and (B). On February 16, 1989, petitioner filed a petition with this Court in which he alleged that respondent "erroneously and unlawfully" levied upon and applied his overpayment as shown on his 1986 return against *393 section 6700 penalties for 1982. Petitioner claims that his $ 18,370.76 overpayment for 1986, which is the excess of tax withheld over the tax shown on the return, should be applied to any deficiency this Court might ultimately find for 1986. On November 24, 1989, respondent filed a Motion to Dismiss for Lack of Jurisdiction and to Strike. Respondent contends that, pursuant to sections 6214(b) and 6703, this Court does not have jurisdiction over petitioner's claimed overpayment. On December 18, 1989, petitioner filed a reply to respondent's motion to dismiss. On December 26, 1989, petitioner filed a Motion for Protective Order Under Rule 103. On November 13, 1989, the District Court ordered, among other things, that petitioner's 1986 overpayment be applied to his 1988 estimated taxes. On December 18, 1989, the Government appealed this order to the United States Court of Appeals for the *394 Second Circuit. On January 3, 1990, the District Court stayed its November 13, 1989, order on condition that, among other things, petitioner's overpayment for 1986 be paid into an interest-bearing escrow account pending resolution of the Government's appeal to the Second Circuit. On July 11, 1990, prior to a decision by the Second Circuit, a jury found petitioner liable for the section 6700 penalties, and accordingly, the District Court vacated its previous orders. On September 11, 1990, the Second Circuit dismissed the Government's appeal as moot. On March 25, 1991, the District Court issued an order determining the correct amount of section 6700 penalties owed by petitioner. This matter is before us on respondent's motion to dismiss and to strike. Petitioner, in response, argues that under sections 6512(b)(1) and 7422(e), we have exclusive jurisdiction to decide whether respondent has erroneously and unlawfully applied his claimed 1986 overpayment against section 6700 penalties for 1982. However, we agree with respondent that the Court lacks jurisdiction over petitioner's claimed overpayment for 1986. The overpayment has been applied to the 1982 penalty, and accordingly it *395 is no longer a part of this proceeding. If petitioner has a claim respecting the application of the 1986 overpayment, he must seek it in another forum. See Shillman v. Commissioner, T.C. Memo 1984-572, affd. per curiam without published opinion 803 F.2d 721 (6th Cir. 1986); White v. Commissioner, T.C. Memo 1974-146. Respondent also contends that pursuant to section 6703, we are without jurisdiction to consider petitioner's allegations that he erroneously applied petitioner's overpayment to offset section 6700 liabilities. Section 6703(c)(2) confers exclusive jurisdiction upon the district court for determination of a taxpayer's liability for section 6700 penalties. The Tax Court does not have subject matter jurisdiction to decide this issue. In the instant case, petitioner's suit for refund of section 6700 penalties was appropriately brought in District Court, and petitioner's later filed petition to the Tax Court does not invoke our jurisdiction over his claimed overpayment which had previously been applied by respondent to the 1982 section 6700 penalty. We dismiss petitioner's arguments under section 7422(e) as inapposite *396 to this case. Petitioner has conceded that he is liable for the $ 17,137 deficiency in tax for 1986 and the addition to tax pursuant to section 6653(a)(1)(A), but he contests his liability for the addition to tax pursuant to section 6653(a)(1)(B). He argues that the overpayment shown on his return of $ 18,370.76 (based on credit for withheld taxes) should be treated as a payment of tax as of April 15, 1987, and since this amount eliminates both the $ 17,137 deficiency and the addition to tax under section 6653(a)(1)(A), there can be no underpayment upon which to compute the 50-percent interest calculation under section 6653(a)(1)(B). Petitioner's argument on this issue misconstrues the concept of a "deficiency" in tax as defined by section 6211. That section defines a deficiency as the difference between the correct amount of the taxpayer's tax liability and the amount shown on the return, both of which are determined without regard to the credit provided under section 31 for taxes withheld from wages. Taxes withheld from wages do not enter into the computation of a deficiency. See sec. 6211(b)(1); Redcay v. Commissioner, 12 T.C. 806 (1949). Respondent has *397 determined that petitioner's correct tax liability for 1986 is $ 26,906.24. Petitioner's tax as shown on his 1986 return is $ 9,769.24. Because of petitioner's concessions, as the case stands before us, there is a deficiency in income tax for 1986. Section 6653(c) defines an "underpayment," for purposes of this section, as a deficiency; accordingly, an underpayment exists upon which to compute the 50-percent interest calculation under section 6653(a)(1)(B). Based on the record in this case, we find that petitioner is liable for the addition to tax under section 6653(a)(1)(B). Finally, petitioner's Motion for Protective Order Under Rule 103 is denied as moot. To reflect the foregoing and the concessions made by petitioner, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code as in effect for the years in issue.↩