T.C. Memo. 2000-326


UNITED STATES TAX COURT


GARY BLORE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 19662-98, 19882-98,    Filed October 20, 2000.
            19884-98.


<u>Frederick J. O'Laughlin</u>, for petitioner.

<u>Brian A. Smith</u>, for respondent.


MEMORANDUM OPINION

DINAN, <u>Special Trial Judge</u>:  Respondent determined deficiencies in petitioner's Federal income taxes in the amounts of $3,465, $4,112, and $4,651 for the taxable years 1995, 1996, and 1997.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue, and

all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are: (1) Whether there are deficiencies at issue in these cases within the meaning of section 6211; and (2) whether petitioner had earned income during the years in issue, entitling him to a section 32 earned income credit for each year.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioner resided in Oklahoma City, Oklahoma, on the dates the petitions were filed in these cases.

Petitioner reported the following amounts of income and claimed the following amounts of withholding and earned income credits in the respective taxable years:

|  | 1995 | 1996 | 1997 |
| --- | --- | --- | --- |
| Wages | $5,260 | $6,236 | $7,398 |
| Interest income | -0- | 120 | -0- |
| Standard deduction | (5,750) | (5,900) | (6,050) |
| Personal exemptions | (5,000) | (5,100) | (5,300) |
| Taxable income | -0- | -0- | -0- |
| Tax | -0- | -0- | -0- |
| Federal tax withholding | (1,671) | (1,995) | (2,441) |
| Earned income credit | (1,794) | (2,117) | (2,210) |
| Overpayment | (3,465) | (4,112) | (4,651) |

In the statutory notices of deficiency, respondent disallowed the amounts of wages reported by petitioner for each of the taxable

years 1995, 1996, and 1997.  The notices reflected the following basis for the disallowance:

> The income on the W2s on your 1995, 1996, and 1997 returns was never reported to the Internal Revenue Service by any of the employers listed.  You failed to produce any documentation to support the W2 income claimed.  We are disallowing the income claimed attached to the W2s filed with your 1995, 1996, and 1997 tax returns.

Based upon the disallowance of the income, respondent also disallowed the earned income credits claimed by petitioner in each year.  The first pages of the notices of deficiency reflected the following total deficiency amounts, calculated using the respective credit adjustments:

|  | 1995 | 1996 | 1997 |
|---|---|---|---|
| Earned Income Credit Adjustment | $1,794 | $2,117 | $2,210 |
| Withholding Credit Adjustment | 1,671 | 1,995 | 2,441 |
| Deficiency | 3,465 | 4,112 | 4,651 |

Pursuant to Orders of this Court, these cases were dismissed for lack of jurisdiction insofar as they related to the withholding tax credits.  See generally sec. 6211(a) and (b)(1); Redcay v. Commissioner, 12 T.C. 806 (1949).  These dismissals reduced the amounts of the deficiencies at issue in these cases to $1,794, $2,117, and $2,210 for each respective year.

The first issue for decision is whether there are deficiencies at issue in these cases.  Petitioner argues that there are no deficiencies in these cases within the meaning of such under sections 6211, et seq.

As is relevant here, a deficiency is defined in section 6211(a) to be "the amount by which the tax imposed by subtitle A [relating to income taxes] * * * exceeds * * * the amount shown as the tax by the taxpayer upon his return".  The treatment of section 32 earned income credits with respect to this definition is as follows:

> SEC. 6211(b).  Rules for Application of Subsection (a).--For purposes of this section--
>
> *     *     *     *     *     *     *
>
> (4)  For purposes of subsection (a)--
>
> (A) any excess of the sum of the credits allowable under sections 32 and 34 over the tax imposed by subtitle A (determined without regard to such credits), and
>
> (B) any excess of the sum of such credits as shown by the taxpayer on his return over the amount shown as the tax by the taxpayer on such return (determined without regard to such credits),

shall be taken into account as negative amounts of tax. Section 6211(b)(4) was enacted by section 1015(r) of the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3572, which relates to certain refundable credits to be assessed under deficiency procedures.  House Report 100-795 contains the following explanation of section 6211(b)(4):

### Present Law

> Under present law, the deficiency procedures allowing taxpayers to litigate issues in the Tax Court relating to the earned income credit (sec. 32) and the

credit for the certain payments of the gasoline and special fuels tax (sec. 34) may not apply.

### Explanation of Provision

The bill provides that the Tax Court deficiency procedures apply to the credits allowable under sections 32 and 34, notwithstanding that the credits reduce the net tax to less than zero.
The provision applies to notices of deficiencies mailed after the date of enactment of this bill.

H. Rept. 100-795, at 366 (1988).

Although respondent determined petitioner was liable for a zero tax liability in each taxable year, these amounts nevertheless exceed the negative tax liability amounts shown by petitioner on his return for each such year. Respondent has therefore determined deficiencies within the meaning of section 6211, and the redetermination of such deficiencies is within the jurisdiction of this Court. See sec. 6213(a).

The second issue for decision is whether petitioner had earned income during the years in issue, entitling him to a section 32 earned income credit for each year.

An earned income credit is allowed to eligible taxpayers under section 32(a) in an amount based upon a percentage of the taxpayer's earned income. Earned income is defined under section 32(c)(2) to include wages and other employee compensation. Petitioner argues that he earned compensation in the amounts indicated on the Forms W-2, Wage and Tax Statement, filed with

his tax returns for the years in issue, thereby entitling him to an earned income credit for each such year.

Petitioner bears the burden of proving the determinations set forth by respondent in the statutory notices of deficiency to be in error. See Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933).

Petitioner's testimony concerning his purported income can be summarized as follows. During the years in issue, petitioner performed services for Jerry Tomlin, who at some point in time changed his name to Jerry Wilson (hereinafter referred to only as Mr. Tomlin). Mr. Tomlin in turn worked for a business or businesses known as Johnson, Inc., and Quantum Consultants, Inc. It was from these corporations that petitioner received the Forms W-2 which he attached to his income tax returns for the years in issue. The 1995 Form W-2 listed the employer as Johnson, Inc., while the 1996 and 1997 Forms W-2 listed the employer as Quantum Consultants, Inc. Petitioner was initially contacted by Mr. Tomlin after petitioner had been recommended by a friend. Mr. Tomlin would meet petitioner at petitioner's home, provide him with architectural plans, and explain the work which needed to be completed. Petitioner served as a draftsman, drawing cabinet plans for houses which were under construction in Oklahoma, Texas, Arizona, Colorado, and California. Petitioner never knew the exact locations of the houses for which he was making the

drawings. Petitioner was paid $25 an hour for his work, less amounts Mr. Tomlin would withhold for taxes. Petitioner was typically paid in cash because he refused Mr. Tomlin's checks after having several returned for insufficient funds.

Petitioner produced copies of several receipts written by him purportedly evidencing a portion of the cash payments made to him by Mr. Tomlin. The receipts each named Mr. Tomlin and/or Johnson, Inc., or Quantum Consultants, Inc. The receipts dated 1995 were in the amounts of $950, $700, and $550. The receipts dated 1996 were in the amounts of $1,000, $2,100, $600, and $500. The receipts dated 1997 were in the amounts of $800, $1,500, $1,000, and $1,300. These amounts do not correspond to the amounts which were reflected on the Forms W-2 and which petitioner reported as income. Although petitioner testified that he did not attempt to match these receipts to the Forms W-2, there is a notation on a statement presented as evidence which states: "Jerry you still owe me $1500.00 on my last pay * * * you also included this on the W-2 but you did not pay."

Two witnesses testified on petitioner's behalf. The first witness, Michael Blore, is petitioner's son. Petitioner testified that Michael was present "almost every time the man [Mr. Tomlin] came by, especially whenever he would pay me." Michael, on the other hand, testified concerning only one meeting between Mr. Tomlin and petitioner at which he was present. He

testified that he did "remember the meeting * * * I was only there for a brief moment."  He also stated that the "only thing I observed of him [Mr. Tomlin], that he was a tall man, and that's about all I caught."

The second witness, James Ryan, was petitioner's neighbor. Petitioner testified that Mr. Ryan met Mr. Tomlin on several occasions, and that Mr. Ryan accompanied petitioner to a bank at which petitioner cashed a check from Mr. Tomlin.  Mr. Ryan testified that, while at the bank several years prior to his testimony, he waited in the truck while petitioner cashed a check.  He did not know any details regarding the check or the purpose of petitioner's visit to the bank.  He also testified that he did not recall meeting Mr. Tomlin at any time.

Although petitioner produced some evidence tending to show that he received wages for services rendered in 1995 through 1997, viewing the record as a whole we find that this evidence is outweighed both by the inconsistencies in the testimony of the witnesses, noted above, and by the dearth of evidence in several key areas.  Petitioner failed to produce Mr. Tomlin as a witness or adequately explain his whereabouts, and failed to produce any corroborating evidence which would establish that Mr. Tomlin in fact existed and that he paid petitioner for services rendered. Petitioner failed to establish the existence or location of either of the two corporations named on the Forms W-2, and failed

to adequately explain why he either did not visit them in the 3 years he was allegedly receiving income from them through Mr. Tomlin, or why he was unconcerned that he was unable to locate these corporations.  Finally, petitioner did not present evidence of any services which he had performed, such as the architectural drawings involved.

Because petitioner has failed to establish he had earned income in any of the years in issue, we uphold respondent's determination that petitioner is not entitled to the earned income credit for each year.

To reflect the foregoing,

<u>Decisions will be entered for respondent in the amounts of the reduced deficiencies</u>.