T.C. Summary Opinion 2003-161


UNITED STATES TAX COURT



MARTIN EDWARD CAULFIELD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19485-02S.              Filed November 7, 2003.


Martin Edward Caulfield, pro se.

<u>James L. May, Jr.</u>, for respondent.



COUVILLION, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7463 in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $1,958 in petitioner's 2000 Federal income tax.

--------

[1]   Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue.

After concessions by petitioner, the issue for decision is whether, under section 408, distributions to petitioner from two qualified pension plans with his former employer are includable in gross income in an amount in excess of the amount reported on petitioner's 2000 Federal income tax return.[2]

Some of the facts were stipulated. Those facts and the accompanying exhibits are so found and are incorporated herein by reference. Petitioner's legal residence at the time the petition was filed was Glenwood, Arkansas.

Petitioner was an electronic computer technician and retired from Sunoco Oil Co. (Sunoco) during 1993, after working 12 years with that employer. As an employee of Sunoco, petitioner was the beneficiary of two retirement plans, which were qualified under section 401(k). During the year 2000 petitioner received a distribution from one plan in the amount of $12,500 and a distribution from the other plan in the amount of $14,000, or a total of $26,500. Sunoco issued to petitioner two Forms 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., which state that the taxable portion of the $12,500 distribution was $12,389.64,

---

[2] In the stipulation, the parties agreed that petitioner's Social Security benefits during 2000 totaled $15,616 instead of $15,950, as reported on petitioner's income tax return. Petitioner conceded his failure to report interest income of $28 and dividend income of $150.

and the taxable portion of the $14,000 distribution was $13,893.88. Thus, the taxable portion of both distributions totaled $26,283.52. Federal income taxes of $2,477.52 were withheld from the $12,500 distribution, and no Federal taxes were withheld from the $14,000 distribution. Petitioner stipulated that he did not roll over his Sunoco distributions into an eligible retirement plan. Sec. 402(c); sec. 1.402(c)-2, Income Tax Regs. Petitioner used a portion of the distributions to purchase stock in Sunoco, Inc.; however, there is no contention, nor was it established, that the stock purchase constituted a qualified rollover.

On his Federal income tax return for 2000, petitioner reported as income IRA distributions of $17,863, with the taxable amount of these distributions being $17,863. It is evident from the record that this income represented the distributions petitioner received from the two qualified Sunoco plans; however, petitioner presented no evidence at trial explaining how he arrived at the $17,863 amount.[3] Additionally, on his return, petitioner claimed a tax withholding credit of $3,547.

---

[3] There is evidence in the record that petitioner used some of the IRA proceeds to purchase stock in Sunoco, Inc. The Court surmises that the $17,863 reported as income on petitioner's return represented that portion of the distributions that was not used to purchase the Sunoco, Inc. stock. In the stipulation, petitioner agreed that he did not roll over any of the funds from either of the distributions into another IRA.

Petitioner's basic argument is that, because he was more than 59-1/2 years old at the time the IRA distributions were made, he believed that the distributed proceeds were not taxable as income. Petitioner was also disabled, unemployed, and "needed the money to live". Since he was retired, he understood "drawing from my retirement account" to mean that such funds would not constitute income.

Petitioner's beliefs about the distributions being nontaxable because of his age are in error. Generally, section 72(t)(1) imposes an additional tax on early distributions from qualified retirement plans. That additional tax is 10 percent of the portion of the plan distribution includable in gross income. There are certain distributions to which the section 72 additional tax does not apply, one of which is with respect to distributions on or after the date the recipient taxpayer attains the age of 59-1/2. Since petitioner had attained age 59-1/2 when the Sunoco distributions were made, petitioner was not liable for the 10-percent additional tax under section 72(t). However, respondent did not determine that petitioner was liable for this additional tax. Respondent determined that the distributions simply constituted income for the amounts set out in the information returns filed by the payor, Sunoco. Moreover, petitioner's health status and his need for the money are not grounds for the exclusion of the distributions from gross income,

nor does "drawing" from his retirement funds connote that such funds are not taxable.  Respondent, therefore, is sustained on this issue.

Petitioner also contends that he is entitled to a credit for prior payments or income tax withholdings in excess of the amount stated in the Form 1099-R filed by Sunoco.  However, the Court lacks jurisdiction to consider this argument because, under section 6211, a deficiency is determined without regard to the amount of tax withheld on a taxpayer's income.  Redcay v. Commissioner, 12 T.C. 806, 809-810 (1949); sec. 301.6211-1(b), Proced. & Admin. Regs.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.