T.C. Memo. 2006-3

UNITED STATES TAX COURT

THOMAS AND SARAH G. ACKERMAN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14215-03.                    Filed January 4, 2006.

Thomas and Sarah G. Ackerman, pro sese.

Donald M. Brachfeld, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

THORNTON, Judge:  Respondent determined a $68,494 deficiency in petitioners' 2001 Federal income tax.  The issue for decision is whether petitioners are taxable on a $211,916 distribution from Mr. Ackerman's nonqualified deferred compensation plan.  All section references are to the Internal Revenue Code in effect for the year at issue.

FINDINGS OF FACT

The parties have stipulated most of the relevant facts, which we incorporate herein by this reference.  When they filed their petition, petitioners resided in Teaneck, New Jersey.

Mr. Ackerman was previously employed in the New York office of Rudolf Wolff & Co., Inc. (employer).  Mr. Ackerman participated in employer's nonqualified executive deferred compensation plan (plan).  Pursuant to the plan's governing document, any plan payments to employees were to be made "net of applicable taxes, including wage withholding taxes."

On or about June 30, 2000, employer's businesses were sold to another entity.  Mr. Ackerman was among a few employees retained temporarily to assist in wrapping up business in the New York office.  In return, he was entitled to receive a $120,000 "redundancy payment", payable on termination.

Mr. Ackerman's 2001 Form W-2, Wage and Tax Statement (W-2), from employer shows taxable wages, tips, and other compensation totaling $331,915.99, representing the $120,000 "redundancy payment" and a $211,296 plan distribution.  The W-2 shows only $500 of Federal income tax withheld.  Employer is no longer in business; petitioners have no contact address for employer's successor or for any custodian of employee records.

On their 2001 joint Form 1040, U.S. Individual Income Tax Return (Form 1040), petitioners included in gross income "Wages,

salaries, tips, etc." of $331,916, as reported on the Form W-2. To arrive at adjusted gross income, petitioners deducted $211,916; the typed-in explanation on line 32 states only: "income on which tax paid by employer".  In the notice of deficiency, respondent disallowed this deduction.

OPINION

Petitioners contend that the 2001 Form W-2 issued by employer is incorrect in that it does not reflect income taxes that employer withheld on petitioner's plan distribution, as required by the plan's governing document.[1]  Accordingly, petitioners contend that they correctly deducted the amount of the plan distribution from gross income on their 2001 joint Federal income tax return.

Petitioners are mistaken.  The Code provides no deduction from gross income for the plan distribution.  See secs. 61 and 62.  Rather, it is fully includable in gross income, and any amount withheld as tax would be allowable as a credit pursuant to section 31.  See Goins v. Commissioner, T.C. Memo. 1997-521, affd. without published opinion 151 F.3d 1029 (4th Cir. 1998).

---

[1] Petitioners contend that pursuant to sec. 6201(d), respondent bears the burden of producing information to refute petitioners' claim that employer withheld Federal income taxes on the plan distribution.  Because our decision in this case does not turn upon which party bears the burden of production or proof, we need not address this contention.

Petitioners have not explicitly claimed that they should be entitled to a section 31 credit for amounts employer purportedly withheld on Mr. Ackerman's plan distribution but failed to report. But even if we were to construe petitioners' claims broadly to encompass such an argument, it would be an argument that this Court lacks jurisdiction to consider. The Court's jurisdiction in this case is limited to redetermining petitioners' deficiency, see sec. 6213(a), which the statute requires to be determined "without regard to the credit under section 31". Sec. 6211(b)(1); see <u>Redcay v. Commissioner</u>, 12 T.C. 806, 809-810 (1949); <u>Porter v. Commissioner</u>, T.C. Memo. 1996-475; <u>Joy v. Commissioner</u>, T.C. Memo. 1991-543.

Petitioners do not dispute that Mr. Ackerman received at least a $211,916 plan distribution in 2001.[2] Accordingly, we sustain respondent's determination.

Petitioners contend alternatively that if employer neglected to withhold Federal income tax on the plan distribution, then only employer is liable for the tax. For the reasons discussed above, petitioners remain obligated to report their items of gross income, notwithstanding employer's payment or nonpayment of withholding taxes thereon. See <u>Goins v. Commissioner</u>, <u>supra</u>.

---

[2] In fact, the import of petitioners' argument seems to be that $211,916 was the <u>net</u> plan distribution, after withheld taxes, and that the <u>gross</u> plan distribution was considerably higher. Respondent has not asserted any increased deficiency to reflect any such higher amount of a gross plan distribution.

In light of the foregoing,

<u>Decision will be</u>

<u>entered for respondent</u>.